**In re: Marvin John COBB, Petitioner.**

No. 07–3852.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed.
R.App. P.
Oct. 12, 2007.

Filed: Oct. 23, 2007.

Marvin J. Cobb, Loretto, PA, pro se.

Before: AMBRO, FUENTES and
JORDAN, Circuit Judges.

OPINION

PER CURIAM.

Marvin J. Cobb, a federal prisoner incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania, filed a *pro se* federal civil rights action in the District Court on April 16, 2007. Cobb later filed, on May 30, 2007, a motion for a default judgment against the defendants for failure to respond to his complaint. After hearing no response from the District Court or the defendants, he filed a mandamus petition with this Court on September 25, 2007 seeking an order directing the District Court to grant him full damages requested on the grounds of defendants' nonresponsiveness.

Mandamus is a drastic remedy granted only in extraordinary cases. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir.2005). To prevail, the petitioner must establish that he has "no other adequate means" to obtain relief, and that he has a "clear and indisputable" right to issuance of the writ. *Id.* at 378–79. Although a federal appellate court may issue a writ of mandamus on the grounds that undue delay is tantamount to a failure to exercise jurisdiction, *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir.1996), the manner in which a court controls its docket is discretionary. *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982).

Cobb has demonstrated neither that he has no other adequate means for relief, nor that his right to the writ is clear and indisputable. Cobb's action has been pending in the District Court for a mere six months, and we see no reason to doubt that the District Court will timely take action in this case. Accordingly, we deny the petition.